IN THE UNITED STATEDS DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL SCHAFFAR,

    Plaintiff,

v.                                                    Cause No. 13-cv-00046 JCH/RHS

HEATHER RODGERS, and
JEZZETTE TORELLO,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSTION

THIS MATTER is before the Court on Defendant Jezzette Torello's Amended Motion For Summary Judgment And Memorandum Of Law In Support, filed on July 1, 2013 (Doc. 15). Plaintiff has not filed a Response, timely or otherwise. Defendant Torello filed her Notice of Briefing Complete on August 7, 2013. Although D.N.M.LR-Civ. 7.1(b) states that a party's failure "to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion," in the context of summary judgment the Tenth Circuit has held that it is not proper to grant the motion. Murray v. City of Tahlequah, Oklahoma, 312 F.3d 1196, 1200 (10th Cir. 2002) (where nonmoving party fails to respond, the district court may not grant summary judgment without first examining the movant's submission to determine if movant has met the burden).

The Court, having considered the Amended Motion (Doc. 15) and the record in the above captioned cause, concludes that the Motion is well-taken and should be granted and further recommends dismissal of Defendant Torello from this matter.

FACTS AND PROCEDURAL HISTORY

Plaintiff is currently incarcerated in Guadalupe County Correctional Facility ("GCCF") in Santa Rosa, New Mexico (Doc. 4). Plaintiff filed *pro se* an Amended Civil Rights Complaint Pursuant To 42 U.S.C. § 1983 on January 24, 2013 (Doc. 4). Plaintiff alleges that on August 22, 2012, Defendant Heather Rodgers, medical appointment secretary at GCCF, threatened him for complaining about his medical treatment (Doc. 4 at 4). He contends that after requesting to file a grievance Defendant Rodgers retaliated against him and cause the cancellation of Plaintiff's orthopedic consultation. Id. at 4. Plaintiff also alleges that Defendant Rodgers conspired with Defendant Jessette Torello to retaliate further and have Plaintiff removed from his work assignment. Id. at 14. Plaintiff seeks compensatory damages of $1,000 per day and punitive damages of $1,500 per day. He further seeks reinstatement to his previous work assignment.

LEGAL AUTHORITY

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Fed. R. Civ. P. 56(e)). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. Id. at 249-50 (citations omitted). Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment. See Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988).

Defendant Torello seeks summary judgment of any and all claims raised by Plaintiff because he cannot establish a claim for retaliation. Although Plaintiff failed to file a response to the Amended Motion for Summary Judgment, Plaintiff's Complaint alleges that Defendant Torello retaliated against him for using the grievance process (Doc. 4). Legal authority has established that "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). A plaintiff "must prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." Id. at 949–50. "An inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998) (citing Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir. 1990).

Defendant Torello argues that "the facts clearly demonstrate [Defendant] Torello had no retaliatory motive when she removed Plaintiff from his job position" (Doc. 15 at 5). Furthermore, Defendant Torello attests that (1) she had no knowledge of any interactions between Plaintiff and Defendant Rodgers, (2) she does not work in close proximity to Defendant Rodgers, and (3) she removed Plaintiff from his position because of the Security Request from Captain Aragon. Id. Finally, Defendant Torello attests that she does not have discretion when directed to "carry out Security's directive [to remove Plaintiff]" from his employment. Id.

It appears that the alleged incident giving rise to the Plaintiff's grievance occurred on August 22, 2012. In considering Plaintiff's claim for retaliation, the Court reviewed all of the documents and affidavits submitted by the parties. First, the Court reviewed the Request for Termination Of An Inmate From Job form ("Request for Termination") which is dated August 22, 2012 and was received by Defendant Torello on August 23, 2012 (Doc. 15-1 at 4). The

request came from Captain Phil Aragon and stated that Plaintiff posed a security risk which was explained in detail the nature of the risk. Id. Defendant Torello attests that she "had no choice but to immediately comply because the safety and security of the facility is at stake" (Doc. 15-1 at 2). Then, the Court reviewed Plaintiff's exhibits to his Complaint that include the Inmate Informal Complaint filed by Plaintiff regarding the alleged incident (Doc. 4 at 10). The Inmate Informal Complaint is dated August 30, 2012. Id. All other documents contained in Plaintiff's exhibits to his Complaint are dated after August 30, 2012. Id. The Court does not comprehend how Defendant Torello could retaliate by terminating Plaintiff for something that had not occurred (the filing of the grievance) at the time she received the Request for Termination.

Plaintiff's Complaint alleges that he was terminated from his job at GCCF because he is being retaliated against for using the grievance process (Doc. 4). The documents controvert Plaintiff's claims. Plaintiff's removal from employment was requested on August 22, 2012 (Doc. 15-1) but his Informal Complaint (Doc. 4 at 10) was not filed until August 30, 2012. Given the timing of the removal and the Informal Complaint, Plaintiff cannot demonstrate that Defendant Torello's "alleged retaliatory motives were the but-for cause of" Plaintiff being removed from his employment. Smith, 899 F.2d at 947. Even if it could be argued that the alleged incident leading to the grievance which also allegedly occurred on the same date as Plaintiff's removal from employment precipitated the removal, the Request to Terminate Plaintiff from his job provides a non-retaliatory explanation for the removal (Doc. 15-1 at 4). Plaintiff filed no response or other evidence to contradict Defendant Torello's contentions that her actions were not retaliatory.

The undersigned concludes that the Defendant Torello's actions were not retaliatory and that she is entitled to summary judgment. It is therefore recommended that the trial court grant

Defendant Torello's Amended Motion for Summary Judgment (Doc. 15) and dismiss Defendant Torello with prejudice.

     Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE