IN THE UNITED STATEDS DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL SCHAFFAR,

    Plaintiff,

v.                                                                                              Cause No. 13-cv-00046 JCH/RHS

HEATHER RODGERS, and
JEZZETTE TORELLO,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSTION

THIS MATTER is before the Court on Defendant Heather Rodgers' Motion and Memorandum In Support Of Motion To Dismiss Or For Summary Judgment, filed on July 3, 2013 (Docs. 17 and 18). Plaintiff has not filed a Response, timely or otherwise. Although D.N.M.LR-Civ. 7.1(b) states that a party's failure "to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion," in the context of summary judgment the Tenth Circuit has held that it is not proper to grant the motion. <u>Murray v. City of Tahlequah, Oklahoma</u>, 312 F.3d 1196, 1200 (10th Cir. 2002) (where nonmoving party fails to respond, the district court may not grant summary judgment without first examining the movant's submission to determine if movant has met the burden).

The Court, having considered the Motion and Memorandum (Doc. 17 and 18) and the record in the above captioned cause, concludes that the Motion is well-taken and should be granted and the undersigned further recommends dismissal of Defendant Rodgers from this matter.

FACTS AND PROCEDURAL HISTORY

Plaintiff is currently incarcerated in Guadalupe County Correctional Facility ("GCCF") in Santa Rosa, New Mexico (Doc. 4). Plaintiff filed *pro se* an Amended Civil Rights Complaint Pursuant To 42 U.S.C. § 1983 on January 24, 2013 (Doc. 4). Plaintiff alleges that on August 22, 2012, Defendant Heather Rodgers, medical appointment secretary at GCCF threatened him for complaining about his medical treatment (Doc. 4 at 4). He contends that after requesting to file a grievance Defendant Rodgers retaliated against him and caused Plaintiff to be denied medical treatment. Id. at 4. Plaintiff also alleges that Defendant Rodgers conspired with Defendant Jessette Torello to retaliate further and have Plaintiff removed from his work assignment. Id. at 14. Plaintiff seeks compensatory damages of $1,000 per day and punitive damages of $1,500 per day. Plaintiff demands that he be provided back surgery, aftercare and therapy. He further seeks reinstatement to his previous work assignment.

LEGAL AUTHORITY

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Fed. R. Civ. P. 56(e)). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. Id. at 249-50 (citations omitted). Mere assertions or

conjecture as to factual disputes are not enough to survive summary judgment.  See Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988).

 Defendant Rodgers seeks summary judgment on Plaintiff's claims because he cannot establish a claim for retaliation.  Although Plaintiff failed to file a response to the Motion to Dismiss or for Summary Judgment, Plaintiff's Complaint alleges that Defendant Rodgers retaliated against him for using the grievance process (Doc. 4).  Legal authority has established that "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990).  A plaintiff "must prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." Id. at 949–50.  "An inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998) (citing Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir. 1990).

 Defendant Rodgers asserts that "she did not cause or personally participate in any constitutional violation" and provides her affidavit, Plaintiff's medical records, and the Request For Termination Of An Inmate From Job form ("Request for Termination") (Doc. 18 at 6). Defendant Rogers attests that on August 22, 2012, she was approached by Plaintiff requesting information regarding an emergency surgery (Doc. 18-1 at 2).  When she informed Plaintiff that she needed a consultation request, Plaintiff "became threatening and hostile" and a sergeant had to tell Plaintiff to leave.  Id.  Defendant Rodgers affidavit states that:  (1) she processes medical requests for transportation to offsite medical visits at the request of doctors and medical staff, (2) she does not have the authority to cancel an inmate's offsite medical appointment nor has she made such cancellation, (3) Dr. Trapp declined a recommendation by the nurse for an

orthopaedic consultation, and (4) she does not have authority to request Plaintiff's termination from employment nor would she ever make such a request (Doc. 18-1 at 2-3).

It appears that the alleged incident giving rise to the Plaintiff's grievance occurred on August 22, 2012.  In considering Plaintiff's claim for retaliation, the Court reviewed all of the documents and affidavits submitted by the parties.  First, the Court reviewed the medical records (Doc. 18-1, 4-19).  In Plaintiff's medical record prepared by a nurse dated August 16, 2012, the nurse recommended that Plaintiff be scheduled for an offsite orthpaedic consultation (Doc. 18-1 at 16).  On August 22, 2012, Dr. Trapp reviewed the nurse's recommendation and prepared a provider recommendation that states: "Ortho not recommended Risk/Benefit ration not favorable for full cure."  Id.   Next, the Court reviewed the Request for Termination Of An Inmate From Job form ("Request for Termination") which is dated August 22, 2012 and was received by Defendant Torello on August 23, 2012 (Doc. 15-1 at 4).  The request came from Captain Phil Aragon and stated that Plaintiff posed a security risk and it explained in detail the nature of the risk.  Id.   Finally, the Court reviewed all of Plaintiff's exhibits to his Complaint, including the Inmate Informal Complaint filed by Plaintiff regarding the alleged incident that alleges retaliation by Defendants (Doc. 4 at 10).  The Inmate Informal Complaint is dated August 30, 2012.  Id.  All other documents contained in Plaintiff's exhibits to his Complaint are dated after August 30, 2012.  Id.   The Court considers the chronology of the events and does not comprehend how Defendant Rogers could have retaliated against Plaintiff where Defendant's alleged retaliatory acts occurred before Plaintiff filed his grievance.  Generally, retaliation occurs after a protected activity such as filing a grievance.

Plaintiff's Complaint alleges that he was denied medical care and terminated from his job at GCCF because he was being retaliated against for using the grievance process (Doc. 4).  The

documents controvert Plaintiff's claims.  Plaintiff received medical care on August 22, 2012, and continued to receive medical care thereafter which is documented by the medical records.[1]  Dr. Trapp recommended that Plaintiff did not need an orthopaedic consultation on August 22, 2012.  The conversation between Plaintiff and Defendant Rogers also occurred on August 22, 2012.  Plaintiff's removal from employment was requested on August 22, 2012 (Doc. 15-1) but his Informal Complaint (Doc. 4 at 10) was not filed until August 30, 2012.   Given the denial of the offsite orthopaedic  consultation, the timing of the removal and the date that the Informal Complaint was filed, Plaintiff cannot demonstrate that Defendant Rogers' "alleged retaliatory motives were the but-for cause of" Plaintiff being denied the offsite orthopaedic consultation or being removed from his employment.  Smith, 899 F.2d at 947.  Even if it could be argued that the alleged incident, leading to the grievance, which also occurred on the same date as Plaintiff's alleged improper denial of medical care and removal from employment precipitated the alleged retaliation, the decision to deny offsite othopaedic consultation was made by Dr. Trapp, not Defendant Rogers.  Dr. Trapp's medical record states the basis for his denial (Doc. 18-1 at 16).  Nothing in the records demonstrates that Plaintiff was denied appropriate medical care.  Moreover, the Request to Terminate Plaintiff from his job provides a non-retaliatory explanation for the removal (Doc. 18-1 at 20).  Plaintiff filed no response or other evidence to contradict Defendant Rogers' contentions that she did not retaliate or violate Plaintiff's constitutional rights.

    The Court concludes that there is no evidence that Defendant Rogers retaliated against Plaintiff and therefore she is entitled to summary judgment.  The Court recommends Defendant Rogers be dismissed with prejudice from the instant cause.

---

[1] Plaintiff's medical records (Doc. 18) demonstrate that medical care was provided between July 16, 2012 and April 13, 2013, long after he filed a grievance.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE